[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
Plaintiff James Monteau seeks to recover damages from his employer, the defendant Dalene Hardwood Flooring Co. for sustaining a partial amputation injury of his right index finger while operating a hand saw in the course of his employment. Defendant moves to strike the complaint based on the exclusivity of the Workmens' Compensation Act, General Statutes § 31-284 (a).
Plaintiff alleges that in addition to providing insufficient training, defendant instructed plaintiff to use a right-handed hand saw with his left hand and this amounted to intentional misconduct of the employer sufficient to bring this claim under the exceptions to the exclusivity provision spelled out in Suarez v. Diamont Plastics Corp., 242 Conn. 255,280 (1997).
Labeling the alleged conduct of the employer as "willful, serious and intentional misconduct," without the facts supporting these conclusory descriptions, is insufficient to establish such an exception. Derfall v.Town of West Hartford, 285 Conn. Sup. 302 (1964). There are no factual allegations in the complaint which would justify a finding of an act by the employer intended to cause injury or substantially certain to cause injury.
These allegations do not qualify either under the "intended tort" theory or the "substantial certainty" theory required to fall within the exceptions spelled out under Suarez supra; Morocco v. Rex Lumber Co.,72 Conn. App. 516, 521-25 (2002); and Melanson v. Town of West Hartford,61 Conn. App. 683 (2001).
Motion to strike granted.
Wagner, J. CT Page 2401